IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:07CR292 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| JAMES D. PUGH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's objections, Filing Nos. 24 & 25, to Magistrate Judge Thomas D. Thalken's Report and Recommendation (hereinafter, "R&R"), Filing No. 23. Defendant moved to suppress evidence found in luggage seized on a train. Filing No. 9. The magistrate recommends that this court deny defendant's motion to suppress.

After an evidentiary hearing, the magistrate found that the defendant abandoned ownership of the luggage and lacked standing to contest the subsequent search of the bag. R&R at 6. In his objections to the magistrate's report, the defendant challenges the magistrate's credibility findings and argues that mere disclaimer of ownership of an item does not amount to abandonment unless the property is physically relinquished.

Under 28 U.S.C. § 636(b), the court has conducted a *de novo* review of those portions of the report or recommendations to which defendant objects. *United States v. Lothridge*, 324 F.3d 599, 601 (8th Cir. 2003). The court has reviewed the record, including the transcript of the hearing, and finds that defendant's contentions lack merit. For the reasons set forth below, the court finds defendant's objections to the magistrate's R&R should be overruled and the motion to suppress should be denied.

The magistrate credited the credibility of the police officers who testified that the defendant stated that the luggage did not belong to him. The defendant testified that he

never made the statements. This court's review of the transcript shows that the magistrate's credibility determinations are supported by the record. Accordingly, the court adopts the factual findings of the magistrate.

Further, the court finds no error of law by the magistrate. For the reasons stated in the R&R, the court finds that defendant's motion to suppress should be denied. The defendant's voluntary denial of ownership showed sufficient intent to disassociate himself with the luggage to prove abandonment. The defendant does not contend that the police impermissibly coerced him into abandoning the suitcase. An abandonment that occurs in response to proper police activity has not been coerced in violation of the Fourth Amendment. *United States v. Miller,* 974 F.2d 953, 958 (8th Cir. 1992). There is no evidence that the officers conveyed a message to the train's passengers that they were required to answer the officers' questions or that they were not free to leave. The evidence shows that Pugh, in fact, walked away from the officers and exited the train car after the initial encounter. The court agrees with the magistrate that the defendant abandoned the bag during a consensual encounter. Accordingly,

IT IS ORDERED:

1. Defendant's objections to the magistrate's findings (Filing Nos. 24 & 25) are overruled.

2. The Report and Recommendation of the magistrate (Filing No. 23) is adopted.

3. The defendant's motion to suppress (Filing No. 9) is denied.

DATED this 10th day of January, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Court Judge